UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ROWE PLASTIC SURGERY OF LONG ISLAND, PC<br><br>Plaintiff,<br><br>v.<br><br>DENISE SIRIBOE,<br><br>Defendant. | CIVIL ACTION<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rowe Plastic Surgery of Long Island, PC, by way of Complaint against Defendant Denise Siriboe, states as follows:

## PARTIES

1. Plaintiff Rowe Plastic Surgery of Long Island, PC ("Rowe Plastic Surgery") is a New York professional service corporation that maintains offices at 100 Manetto Hill Road Suite 204, Plainview, New York 11803-1311.

2. Rowe Plastic Surgery, through its employed plastic surgeons, performs surgical procedures on behalf of its patients that enhance physical appearance, reduce or eliminate physical deformity, or improve physical function.

3. Upon information and belief, Defendant Denise Siriboe is a New Jersey resident residing at 425 Park Avenue, Union Beach, New Jersey 07735-2927.

## JURISDICTION AND VENUE

4. This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceed $75,000.00.

5. Venue is proper under 28 U.S.C. §§ 1391(a) and (b)(1) in that Defendant Denise Siriboe resides in Union Beach, New Jersey.

6. The Trenton Vicinage of the District of New Jersey is the proper division for this action because Defendant Denise Siriboe resides in Union Beach, New Jersey.

## BACKGROUND

7. Denise Siriboe sought breast reduction surgery in both breasts.

8. Rowe Plastic Surgery performed this surgery on January 20, 2021.

9. On January 11, 2021, Ms. Siriboe signed and entered into a "Legal Assignment of Benefits & Designation of Authorized Representation" (the "Assignment of Benefits"). A true and correct copy of the Assignment of Benefits is attached hereto as Exhibit A.

10. In the Assignment of Benefits, Ms. Siriboe represented that she had "valid and in-force insurance and/or employee health care benefits coverage." Exhibit A.

11. In the Assignment of Benefits, Ms. Siriboe assigned and conveyed directly to Rowe Plastic Surgery and its medical providers (as defined therein), "all medical benefits and/or insurance reimbursement, if any, otherwise payable to [Ms. Siriboe] for services rendered from [Rowe Plastic Surgery and its] provider(s)." Exhibit A.

12. In the Assignment of Benefits, Ms. Siriboe further acknowledged her understanding that she is "financially responsible for all charges regardless of any applicable insurance or benefit payments." Exhibit A.

13. As reflected in its Invoice dated March 25, 2021 to Ms. Siriboe (the "Invoice"), each of the two surgical procedures was charged at $75,000.00, for a total of $150,000.00. A true and correct copy of the March 25, 2021 Invoice is attached hereto as Exhibit B.

14. MS. Siriboe's health insurer, UnitedHealthcare Service LLC/The Empire Plan ("UnitedHealthcare"), sent Rowe Plastic Surgery a "Provider Remittance Advice" dated May 25, 2021. A true and correct copy of the Provider Remittance Advice is attached hereto as Exhibit C.

15. The Provider Remittance Advice shows a total "Amount Allowed" by UnitedHealthcare to be $22,500.00. Exhibit C, page 2 of 4, second table, column 10.

16. Specifically, for the right breast, UnitedHealthcare provided $15,000.00, less a coinsurance deduction of $2,824.00 and less a deductible of $880.00 for a total of $11,296.00. Exhibit C, page 2 of 4, second table, row 2, column 11.

17. For the left breast, UnitedHealthcare provided $7,500.00, less a deductible of $854.96 for a total of $6,645.04. Exhibit C, page 2 of 4, second table, row 3, column 11.

18. As indicated by the "PR100" code next to the $11,296.00 for the right breast and $6,645.04 for the left breast, these were amounts paid directly to patient, Ms. Siriboe. Exhibit C, page 2 of 4, Notes.

19. Accordingly, Ms. Siriboe received a total of $17,941.04 from UnitedHealthcare specifically relating to the surgeries performed by Rowe Plastic Surgery.

20. However, Ms. Siriboe failed to remit these funds to Rowe Plastic Surgery as she was required to do under the Assignment of Benefits. Exhibit A.

21. Further, pursuant to the Assignment of Benefits, Ms. Siriboe bears financial responsibility to compensate Rowe Plastic Surgery for its service "charges regardless of any applicable insurance or benefit payments." Exhibit A.

22. Despite multiple attempts at securing payment from Ms. Siriboe, she continues to refuse to provide payment of the amount owed to Rowe Plastic Surgery.

23. Rowe Plastic Surgery engaged a collection agency to attempt to collect on the outstanding balance. A true and correct copy of the June 2, 2021 collection letter sent by Middle Country Collection Services, Inc. to Ms. Siriboe is attached hereto as Exhibit D.

24. On July 16, 2021, Rowe Plastic Surgery's counsel herein sent a demand letter to Ms. Siriboe demanding payment for amounts then owed. True and correct copies of the Demand Letter and proof of delivery are attached hereto as Exhibit E.

25. As with Rowe Plastic Surgery's other demands, this demand has gone unheeded and no payment was made.

## FIRST COUNT
### (Breach of Contract)

26. Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

27. Ms. Siriboe entered into the Assignment of Benefits which is a binding and enforceable contract. (Exhibit A).

28. Rowe Plastic Surgery performed plastic surgery services for Ms. Siriboe in return for her payment of same.

29. Ms. Siriboe is obligated to comply with the terms of the Assignment of Benefits. Exhibit A.

30. Despite reasonable demands for payment, the total amount of $150,000.00 (exclusive of pre-judgment and post-judgment interest) remains due and unpaid.

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A. $150,000.00;

B. Post-judgment interest; and

C.     Such other and further relief as the Court deems just, equitable, and proper.

## SECOND COUNT
### (Evidence of Indebtedness)

31.     Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

32.     Rowe Plastic Surgery's Invoice (Exhibit B), collection agency letter (Exhibit D), and attorney demand letter (Exhibit E) constitute evidence of indebtedness of Ms. Siriboe to Rowe Plastic Surgery.

33.     Ms. Siriboe agreed to pay said indebtedness pursuant to the Assignment of Benefits, upon the terms and conditions set forth thereunder. (Exhibit A).

34.     Despite reasonable demands for payment (*see e.g.* Exhibits B, D, and E), Ms. Siriboe is in default under the terms and conditions of the Assignment of Benefits, and as accurately reflected in the aforementioned documents.

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A.     $150,000.00;

B.     Post-judgment interest; and

C.     Such other and further relief as the Court deems just, equitable, and proper.

## THIRD COUNT
### (Unjust Enrichment)

35.     Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

36.     Rowe Plastic Surgery has relied to its detriment upon Ms. Siriboe's promise to pay for the surgeries performed under the Assignment of Benefits and agreed to certain terms and conditions for payment of Ms. Siriboe's indebtedness. (Exhibit A).

37. Through Ms. Siriboe's receipt of the two surgeries performed by Rowe Plastic Surgery, she has been unjustly enriched to the detriment of Rowe Plastic Surgery.

38. At all times, Rowe Plastic Surgery had a reasonable, justifiable expectation to be paid for the surgeries that it performed for Ms. Siriboe.

39. Despite Rowe Plastic Surgery's repeated requests (Exhibits B, D, and E), Ms. Siriboe has refused to remit payment for the amount due and owing to Rowe Plastic Surgery.

40. Ms. Siriboe will be unjustly enriched in the event that payment of the indebtedness due to Rowe Plastic Surgery for the surgeries that Denise Siriboe received under the Assignment of Benefits is not provided.

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A. $150,000.00;

B. Post-judgment interest; and

C. Such other and further relief as the Court deems just, equitable, and proper.

## FOURTH COUNT
### (Account Stated)

41. Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

42. Ms. Siriboe owes to Rowe Plastic Surgery the amounts due, as reflected on invoicing for the surgeries performed by Rowe Plastic Surgery and accepted by Ms. Siriboe, pursuant to the account stated. (Exhibit B).

43. Ms. Siriboe promised to pay the account stated on the invoice for the surgeries performed by Rowe Plastic Surgery and accepted by Denise Siriboe. (Exhibits A and B).

44. Ms. Siriboe received, among other notices, notice of the then-pending account stated under Rowe Plastic Surgery's Invoice (Exhibit B), collection agency letter (Exhibit D), and attorney demand letter (Exhibit E), without objection, and by executing the Assignment of Benefits (Exhibit A), Ms. Siriboe has acknowledged obligations for the debts due and owing to Rowe Plastic Surgery for the surgeries performed by Rowe Plastic Surgery, without paying the full extent thereof to Rowe Plastic Surgery.

45. Despite reasonable demands therefore (*see e.g.* Exhibits B, D, and E), Ms. Siriboe has failed to pay Rowe Plastic Surgery for the surgeries performed by Rowe Plastic Surgery under and pursuant to the Assignment of Benefits, in the amounts stated on Rowe Plastic Surgery's Invoice (Exhibit B).

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A. $150,000.00;

B. Post-judgment interest; and

C. Such other and further relief as the Court deems just, equitable, and proper.

## FIFTH COUNT
### (Conversion)

46. Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

47. Ms. Siriboe accepted the surgeries rendered by Rowe Plastic Surgery.

48. Ms. Siriboe agreed that in consideration for the aforementioned surgeries, that she would provide payment for them, and that if her insurer paid any part of Rowe Plastic Surgery's services to her directly, that she would send payment to Rowe Plastic Surgery. (Exhibit A).

49. As stated in the UnitedHealthcare Provider Remittance Advice, Ms. Siriboe apparently received payment in the amount of $17,941.04 specifically relating to the surgeries performed by Rowe Plastic Surgery. (Exhibit C).

50. Rather than endorsing the check(s) or issuing a separate payment for such amount(s) received to Rowe Plastic Surgery, Ms. Siriboe has retained such payment(s).

51. Despite repeated attempts to obtain compensation for Rowe Plastic Surgery's surgeries (*see e.g.* Exhibits B, D, and E), Ms. Siriboe refused to forward the funds that she received from UnitedHealthcare to the intended recipient, Rowe Plastic Surgery.

52. By virtue of Ms. Siriboe's actions, she intentionally intended to retain funds that did not rightfully belong to her.

53. Through her actions, Ms. Siriboe has deprived Rowe Plastic Surgery of its right to be compensated, in part, for the surgeries that it performed, and converted these funds for herself.

54. Based on the foregoing, Rowe Plastic Surgery suffered substantial and material damages as a direct and proximate result of Ms. Siriboe's actions.

55. Rowe Plastic Surgery also is entitled to an award of punitive damages because the actions and omissions by Ms. Siriboe evidence an evil mind and such acts and omissions were willful, malicious, and performed with the intention to harm Rowe Plastic Surgery or otherwise with a conscious disregard of such harm. Upon information and belief, such outrageous actions include, but are not limited to, retaining the funds sent by UnitedHealthcare that were intended to reimburse Rowe Plastic Surgery for the surgeries that it performed.

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A. A finding of conversion through fraud, willful, and/or malicious conduct which will support the claims of Rowe Plastic Surgery for non-dischargeability of Denise Siriboe's debt owed to Rowe Plastic Surgery pursuant to 11 U.S.C. § 523;

B. An award of restitution in general, consequential, and special damages in amounts to be proven at trial, but no less than $17,941.04;

C. Punitive damages;

D. Post-judgment interest; and

E. Such other and further relief as the Court deems just, equitable, and proper.

## SIXTH COUNT
### (Defalcation)

56. Rowe Plastic Surgery repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

57. Ms. Siriboe received monies from UnitedHealthcare that were specifically intended to reimburse Rowe Plastic Surgery for the surgeries that it performed.

58. Rather than endorsing the check(s) or issuing a separate payment for such amount(s) received to Rowe Plastic Surgery, Ms. Siriboe has retained such payment(s).

59. Indeed, through Rowe Plastic Surgery's invoice (Exhibit B), collection agency letter (Exhibit D), and attorney demand letter (Exhibit E), Ms. Siriboe was aware that the payment that she received from United Healthcare was for the Rowe Plastic Surgery, the intended recipient.

60. Through her actions, Ms. Siriboe deprived Rowe Plastic Surgery of its right to receive such funds.

61. Rowe Plastic Surgery suffered substantial and material damages as a direct and proximate result of Ms. Siriboe's fraudulent, willful, and malicious actions.

62. Rowe Plastic Surgery is also entitled to an award of punitive damages and an award of attorneys' fees and costs because the actions and omissions by Ms. Siriboe evidence an evil mind and such acts and omissions were willful, malicious, and performed with the intention to harm Rowe Plastic Surgery or otherwise with a conscious disregard of such harm.

WHEREFORE, Plaintiff Rowe Plastic Surgery of Long Island, PC respectfully requests judgment in its favor and against Defendant Denise Siriboe for the following:

A. A finding of defalcation through fraud, willful, and/or malicious conduct which will support the claims of Rowe Plastic Surgery for non-dischargeability of Denise Siriboe's debt owed to Rowe Plastic Surgery pursuant to 11 U.S.C. § 523;

B. An award of restitution in general, consequential, and special damages in amounts to be proven at trial, but no less than $17,941.04;

C. Punitive damages;

D. Post-judgment interest; and

E. Such other and further relief as the Court deems just, equitable, and proper.

JARDIM, MEISNER & SUSSER, P.C.
Attorneys for Plaintiff
Rowe Plastic Surgery of Long Island, PC

By: /s/ Bennet Susser
BENNET SUSSER

Dated: October 11, 2021

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b)(1), Plaintiff hereby demands a jury trial on all issues triable by a jury.

## CERTIFICATION PURSANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, information and belief, the matter in controversy herein is not the subject of an other proceeding pending in any Court, any pending arbitration proceeding, or any administrative proceeding.

JARDIM, MEISNER & SUSSER, P.C.
Attorneys for Plaintiff
Rowe Plastic Surgery of Long Island, PC

By: _____
BENNET SUSSER

Dated: October 11, 2021